CFL\dutterer-nco\pleadings\class action complaint

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DARREN M. DUTTERER, individually and on behalf of all others similarly situated<br>411 South New Ardmore Avenue<br>Broomall, PA 19008-2840,<br><br>      Plaintiff,<br><br>  vs.<br><br>NCO FINANCIAL SYSTEMS INC.<br>507 Prudential Road<br>Horsham, PA 19044,<br><br>      Defendant. | CIVIL ACTION NO.<br><br>CLASS ACTION |

## CLASS COMPLAINT

### I. INTRODUCTION

1. This is a consumer class action brought pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §1692 ("FDCPA") which prohibits debt collectors from engaging in deceptive and unfair practices. Defendant NCO Financial Systems Inc. ("NCO") sent collection demands to plaintiff and the class seeking to collect debt comprised of "principal", "interest" and other charges. But the "principal" balance claimed due includes accumulated interest and fees that are concealed under the rubric "principal", while representing that no interest is due. NCO's collection tactics are deceptive, misleading, and unfair, in violation of 15 U.S.C. § 1692e.

### II. JURISDICTION

2. Subject matter jurisdiction of this Court arises under 15 U.S.C. §1692k and 28 U.S.C. §§1331 and 1337.

3. In personam jurisdiction exists and venue is proper, as Defendant NCO does business in this district and has caused harm in this district.

### III. PARTIES

4. Plaintiff Darren M. Dutterer ("Plaintiff" or "Dutterer") is a consumer who resides in Broomall, Delaware County, Pennsylvania at the address captioned.

5. Defendant NCO Financial Systems Inc. ("Defendant" or "NCO") is a Pennsylvania corporation with its principal place of business in Horsham, Pennsylvania at the address captioned.

6. The principal purpose of NCO is the collection of consumer debts alleged to be due another, or the bulk purchase of consumer debt when such is believed to be in default.

7. NCO regularly uses the mail and telephone to attempt to collect consumer debts acquired when in default or alleged to be due another.

8. NCO is a "debt collector" as that term is defined in the FDCPA, 15 U.S.C. §1692a(6).

### IV. FACTUAL ALLEGATIONS

9. On March 9, 2009, defendant NCO sent Plaintiff a collection notice seeking to collect a consumer debt alleged due. A copy of the collection notice is attached hereto as Exhibit "A" (redacted per Fed. R. Civ. Pro. 5.2).

10. The collection notice represents the balance due consists of:

    | | |
    |---|---|
    | Principal: | $384.92 |
    | Interest: | $0.00 |
    | Collection Charges | $0.00 |
    | Costs | $0.00 |

11. Defendant's statement in its March 9 letter that the balance consists of $384.92 in principal and $0.00 in interest is deceptive and misleading. The principal amount stated is inaccurate as it includes already accumulated interest and fees. This results in an inaccurate and overstated amount of principal being claimed due.

12. The interest and other charges are falsely shown as $0.00. This leads to the misimpression that the entirety of the debt is principal, when that is not the case.

13. The term "principal", as it is commonly understood, does not include interest and fees assessed on the amount borrowed.

14. The FDCPA prohibits debt collectors from using false, deceptive or misleading means in an attempt to collect a debt alleged due, including misrepresenting the character, status, or amount of the alleged debt. 15 U.S.C. §1692e, §1692e(2), and §1692e(10).

15. Misrepresentation of interest and fees as "principal" is deceptive and has practical implications, including potential income tax ramifications.

## V.  CLASS ALLEGATIONS

16. The underlying debt of Dutterer and the class he seeks to represent arises from obligations incurred primarily for personal, family or household use.

17. Plaintiff brings this action on his own behalf and on behalf of a class designated pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure.

18. The class is composed of all Delaware County, Pennsylvania residents to whom defendant sent collection letters in the form of, or substantially similar to, Exhibit "A," within one year prior to the date of filing of this Complaint. Plaintiff proposes to define the class as:

    (a) All persons with addresses in Delaware County, Pennsylvania;

    (b) to whom letters were sent by NCO;

    (c) in an attempt to collect a debt incurred primarily for personal, family or household purposes;

    (d) during the one year period prior to the filing of the Complaint in this action;

  (e) in which NCO states a "Principal Balance";

  (f) where "Interest" is shown as $0.00.

19. The class is believed to be so numerous that joinder of all members is impractical. The Complaint concerns mass-produced form collection letters.

20. There are questions of law or fact common to the class. These include:

  (a) whether defendant violated 15 U.S.C. §1692e by falsely, deceptively or misleadingly representing the "principal" balance of the account claimed due;

  (b) whether defendant engaged in a false or deceptive collection practice as to the true "principal" balance on the account alleged due;

  (c) whether defendant has deceptively misstated principal, interest, collection damages and other charges.

21. The claims of the plaintiff are typical of those of the class. All are based on the same factual and legal theories.

22. Plaintiff will fairly and adequately protect the interest of the class. Plaintiff has no interest antagonistic to those of the class.

23. Plaintiff's counsel is competent and experienced in consumer credit cases and class actions.

24. Defendant has acted on grounds generally applicable to the class thereby making final relief appropriate with respect to the class as a whole.

25. The questions of law and fact common to the class predominate over any questions affecting only individual members. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

26. The class members are consumer debtors who may be unable to locate or afford to hire lawyers. Most are probably unaware that their rights, and the FDCPA, have been violated.

27. The class may be certified under Rule 23(b)(3), as such represents a superior method for the fair and efficient adjudication of this controversy in that:

(a) Congress specifically contemplated FDCPA class actions as a principal means of enforcing the statute. 15 U.S.C. §1692k.

(b) Most of the class members are not aware of their rights and have no knowledge that their rights are being violated by illegal and deceptive collection practices. The essence of defendant's collection tactics is the deception of consumers.

(c) The interest of class members in individually controlling the prosecution of separate claims against defendant is small because the maximum statutory damages in an individual action under the FDCPA is $1,000.00, and the class action vehicle would be efficient.

(d) Management of this county-wide class action is likely to present fewer difficulties than those presented in many class claims.

## COUNT I - FAIR DEBT COLLECTION PRACTICES ACT

28. The defendant, by mailing or causing to be mailed collection notices substantially in the form of Exhibit "A" to plaintiff and the members of the class, has violated:

(a) 15 U.S.C. §1692e by using false, deceptive or misleading representations and means in connection with the collection of consumer debt as set forth above;

(b) 15 U.S.C. §1692e(2) by misrepresenting the principal balance of the account claimed due;

(c) 15 U.S.C. §1692e(10) by using false and deceptive means in an attempt to collect a consumer debt alleged due.

**WHEREFORE,** plaintiff, Darren M. Dutterer, prays that this Court certify the class and enter a judgment for plaintiff and the class members against defendant NCO Financial Systems Inc. by:

(a) awarding damages to plaintiff and to the class as provided by 15 U.S.C. §1692k;

(b) awarding plaintiff and the class their costs and reasonable attorney's fees; and

(c) granting such other relief as may be deemed just and proper.

## VI. DEMAND FOR JURY TRIAL

Pursuant to Fed.R.Civ.P. 38, Plaintiff demands a trial by jury as to all issues so triable.

Respectfully submitted:

Date: 3/5/10

*/s/ Cary L. Flitter – (CLF5997)*
CARY L. FLITTER
THEODORE E. LORENZ
ANDREW M. MILZ

**LUNDY, FLITTER, BELDECOS & BERGER, P.C.**
450 N. Narberth Avenue
Narberth, PA  19072
(610) 822-0781